IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00469-LTB-BNB

THOMAS W. JOHNSON,

   Plaintiff,

v.

ROBERT L. GRAVES,
MORNING FRESH CHEESE COMPANY, LLC, a Colorado limited liability company,
MORNING FRESH DAIRY FARM, LLC, a Colorado limited liability company, and
BRADLEY S. LAROCCO,

   Defendants.
_____

ORDER TO REMAND
_____

  This matter is before me on a Motion to Remand [**Doc #8**] filed by Plaintiff, Thomas W. Johnson, pursuant to 28 U.S.C. § 1441(b), which provides that a civil action filed in state court shall be removable based on subject matter jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also Lincoln Property Co. v. Roche*, 546 U.S. 81, 89-90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). Plaintiff asserts that from the face of the complaint, three of the defendants – Robert L. Graves, Morning Fresh Cheese Company, LLC, a Colorado Limited Liability Company, and Morning Fresh Dairy Farm, LLC, a Colorado Limited Liability Company – are Colorado residents. As a result, Plaintiff seeks to have this case remanded back to Larimer County District Court.

  In response, Defendants concede that this case should be remanded back to state court. Defendants contest, however, Plaintiff's request for an award of cost and attorney fees pursuant

to 28 U.S.C.§ 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Defendants assert that because 28 U.S.C. § 1441(b) is a "procedural" bar to federal jurisdiction – as opposed to a "jurisdictional" bar which they argue provides Plaintiff "an affirmative obligation to oppose removal" – Defendants had the right to pursue removal and that 42 U.S.C. § 1447(c) is inapplicable.

While it may be true that Defendants had "a right to pursue removal" under these circumstances, I disagree that the result is that 42 U.S.C. § 1447(c) is inapplicable. Defendants have not referred me to case law applying this assertion, and my research has not revealed a case in support of this position.

The key factor in deciding whether to award costs under 28 U.S.C. § 1447(c) is the propriety of the removal; such determination requires no finding that the state court action was removed in bad faith, and fees and costs may be denied where the defendant had an objectively reasonable basis for removing the case. *Vetro, Inc. v. Active Plumbing and Heating, Inc.,* 403 F.Supp.2d 1033, 1039 -1040 (D.Colo. 2005)(*citing Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)("absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal"). Whether to award attorney fees and costs under § 1447(c) when a case is remanded to state court is within the sound discretion of the district court. *See Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1353 (10th Cir. 1997).

Plaintiff seeks an award of $325.00. This amount represents estimated Westlaw research charges in the amount of $100.00 and one and a half hours of attorney fees, at a rate of $150.00

2

per hour, "incurred in researching and preparing" this motion. The court, in its discretion, finds that Defendants should pay Plaintiff's costs incurred in obtaining this remand order. Plaintiff's request for an award of attorney's fees, however, will be denied.

ACCORDINGLY, Plaintiff's Motion to Remand [**Doc #8**] is GRANTED IN PART and DENIED IN PART. As a result, I ORDER that this matter is REMANDED back to District Court for the County of Larimer, Colorado. I FURTHER ORDER that Plaintiff, Thomas W. Johnson, is AWARDED his costs incurred in preparing this motion in the amount of $100.00.

Dated: March   18  , 2008, in Denver, Colorado.

                              BY THE COURT:

                                s/Lewis T. Babcock
                              LEWIS T. BABCOCK, JUDGE